## SUPREME COURT.

### Francis D. Moulton agt. Henry Ward Beecher.

*Costs — extra allowance.*

It is sufficient, under section 309 of the Code, to entitle a defendant to an extra allowance (although he had not answered when the cause was discontinued), that he had appeared and defended by interposing a demurrer.

Where the plaintiff succeeded upon the demurrer, the defendant having done nothing more in the cause than to appear and obtain extensions of the time to answer, a moderate fee only should be granted, and this because the plaintiff, by commencing his action, rendered the employment of counsel necessary.

A motion for an extra allowance must be made before the final adjustment of costs (*Rule* 56).

*At Chambers, December,* 1876.

Motion by defendant for an extra allowance of $2,500, or five per cent on amount claimed as damages.

The action was commenced by plaintiff in the county of Kings to recover of defendant the sum of $50,000 for alleged malicious prosecution. The place of trial was subsequently changed on application of defendant, by a decision of judge Westbrook, to Delaware county, whereupon the plaintiff discontinued his action.

*Roger A. Pryor,* for plaintiff.

*Thomas G. Shearman,* for defendant.

Brady, *J.* — The motion for an extra allowance in this action was pending when the bill of costs was served, and the defendant's attorney insisted that the costs, if to be paid,

Moulton agt. Beecher.

would be received only on condition that this proceeding should not be prejudiced. It is true that the representative of the defendant's attorney then stated that he paid them unconditionally and left the money, which was appropriated, but there was no adjustment of the costs in accordance with the rules of the court, and there was no meeting or unison of minds which made the payments so absolute as to subject the defendant to the fifty-sixth rule of this court requiring the motion for an allowance to be made before the final adjustment of costs. The next and remaining question is, therefore, what amount of allowance should be given ? I entertain no doubt that this is a proper case for an allowance under section 309 of the Code, or that the circumstances attending the prosecution are sufficient to justify, nay to require, some indemnity. The defendant had not answered when the cause was discontinued, it is true, but he had appeared and defended. He had interposed a defense by demurrer, and this was, I think, sufficient under section 309. The plaintiff succeeded upon the demurrer, both at special and general terms, however ; and the only labor performed in the cause therefore on the part of the defendant, of which this court can take notice, is that involved in the arguments at special and general terms. This labor, it seems, was unnecessary and subjected the plaintiff to delay and expense. The result is that the defendant has appeared in the action and done nothing more, except to obtain extensions of the time to answer. The action was one of great importance to the parties, it is true, and if it had continued would doubtless have involved many serious complications, but these would have been formidable only at the trial or in its preparation. The cause had not reached that stage, as already suggested, when it was discontinued ; there was, indeed, no issue. Under the circumstances I think a moderate fee only should be granted. This should be given · because the plaintiff, by commencing this action, rendered the employment of counsel necessary. I think $250 should be allowed.